UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

YORK FUEL, INC., AMAN SHELL
SERVICE STATION, INC., GURCHARAN
AND BROTHERS OIL COMPANY INC.,

                        Plaintiffs,

- versus -

LORILLARD TOBACCO CO.,

                        Defendant.

MEMORANDUM
AND ORDER
13-CV-7131 (JG)

A P P E A R A N C E S:

    DAVID GEVANTER
        16 West Hoffman Avenue
        Lindenhurst, NY 11757
        *Attorney for Plaintiffs*

    EPSTEIN BECKER & GREEN, P.C.
        250 Park Avenue
        New York, NY 10177
    By:    William A. Ruskin
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Plaintiffs York Fuel, Inc., Aman Shell Service Station, Inc., and Gurcharan and Brothers Oil Company, Inc. bring this action principally alleging breach of contract against Lorillard Tabacco. Lorillard has moved to dismiss for failure to state a claim. For the reasons that follow, the motion is granted.[1]

---

[1] At the scheduled time of argument, the plaintiffs had failed to file any opposition to the motion. I granted leave for plaintiffs to file a belated opposition, which they did, *see* ECF No. 11, and Lorillard was also permitted to file a reply, *see* ECF No. 12.

BACKGROUND

The following facts, which at this stage I must assume to be true, are drawn from the plaintiffs' complaint, attached as Exhibit A to the notice of removal, ECF No. 1.

The plaintiffs are corporations. York Fuel is located in Brooklyn, while Aman Shell and Gurchuran and Brothers are located in Nassau County. *See* Compl. ¶¶ 1-3, ECF No. 1, Ex. A. Lorillard, a tobacco company, entered into a buydown agreement with the plaintiffs; the agreement is attached to the Complaint. *See* Compl. ¶¶ 5-6; Buydown Agreement, ECF No. 1 at 12-13. The plaintiffs allege that they fulfilled their obligations under the agreement.

Ekam Cattery, plaintiffs' employee, "was accused of kissing" one of Lorillard's employees. Compl. ¶ 10. Furthermore, despite the dismissal of a criminal case arising out of the alleged kiss, Lorillard "refuses to fulfill its underlying agreement with" the plaintiffs. *Id.* ¶ 11.

Because the agreement is attached to the complaint as an exhibit, I may consider it now. *See Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). On its first page, the Buydown Agreement appears to permit the purchase of cigarettes at a promotional price between April 2, 2012 and July 1, 2012. As relevant here, the Buydown Agreement also states that "LORILLARD RESERVES THE RIGHT TO AMEND, MODIFY OR CANCEL THIS PROGRAM AT ANY TIME."

DISCUSSION

A.  *Standard of Review*

In considering a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, a court need not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a party does not "nudge[] [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In deciding the motion to dismiss, I may "consider only the complaint and any documents attached thereto or incorporated by reference and documents upon which the complaint relies heavily." *Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012) (internal quotation marks and citations omitted). Here, because the buydown agreement itself is attached to the complaint, I may consider it.

B.   *Analysis*

Plaintiffs bring three causes of action: breach of contract; a violation of the covenant of good faith and fair dealing; and unfair business practices.

As to breach of contract, I agree with the defendant's contention that plaintiffs' pleading falls far short of stating a claim. A plaintiff claiming breach of contract under New York law must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

Under the terms of the agreement, the plaintiffs cannot plead facts supporting damages from a situation such as the one described briefly and sketchily in the complaint. The agreement states that Lorillard may "AMEND, MODIFY OR CANCEL THIS PROGRAM AT ANY TIME." That express term means that plaintiffs could have no reasonable, legitimate expectation that the program would be worth any amount of money to them. *Cf. SAA-A, Inc. v.*

3

*Morgan Stanley Dean Witter & Co.*, 721 N.Y.S.2d 640, 643 (1st Dep't 2001) (barring recovery where under an agreement, the "defendant is expressly afforded the option to terminate plaintiff's services at any time and for any or no reason"). Plaintiffs argue that the language is, at a minimum, ambiguous, because "this program" could refer to the entire buydown promotion campaign conducted by Lorillard with many other cigarette retailers. Thus, plaintiffs argue, the quoted phrase means only that Lorillard was free to alter that larger program – but not individual agreements with individual retailers. But other sections of the agreement, such as section R (which grants Lorillard the right to "refuse payment and/or discontinue your enrollment in current and/or future Lorillard buydown programs" if terms of the agreement are violated, and which also gives Lorillard broad latitude over "interpretation of [the buydown agreement's] rules, procedures and other requirements") remove any ambiguity about Lorillard's ability to terminate individual participants. Thus, the claim for breach of contract must be dismissed.

The claim for the breach of the covenant of good faith and fair dealing must also be dismissed. A claim for breach of the covenant of good faith and fair dealing may not simply duplicate a claim for breach of the same contract; when the facts underlying the two causes of action are the same, New York permits only a claim for breach of contract. *See, e.g., Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*, 894 N.Y.S.2d 47, 50 (1st Dep't 2010). The complaint here offers no additional facts to support the claimed violation of the covenant of good faith and fair dealing, and it must therefore be dismissed as duplicative of the breach of contract claim.

Plaintiffs' final claim, which seeks only attorneys' fees, is entirely unclear. The complaint's text claims a violation of "unfair business practices pursuant to GENERAL BUSINESS LAWS of the State of New York." Compl. ¶ 16. The Complaint does not cite a particular section of New York statutory law, and under general principles of contract law, each

party is responsible for its own fees, unless an agreement or statute provides otherwise. *See, e.g. A.G. Ship Maint. Corp. v. Lezak*, 503 N.E.2d 681, 683 (N.Y. 1986). In their belated brief, plaintiffs cite § 349 of the General Business Laws, but that section does not permit fees in private business-to-business contractual disputes. *See Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608 (2000). Since plaintiffs have provided no viable basis in law for this third claim, it too is dismissed.

Given the facts as alleged and the express terms of the agreement, I believe that any amendment would likely be futile. Nonetheless, given the liberal amendment standard of Rule 15, I will permit plaintiffs to file a letter showing cause why they should be given leave to re-plead their case; unless I am persuaded, the case will be closed. Any such letter shall be filed by June 30, 2014.

## CONCLUSION

For the reasons stated above, plaintiffs' complaint is dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 24, 2014
　　　　Brooklyn, New York